United States District Court
Southern District of Texas
**ENTERED**
October 24, 2023
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WRIGHT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00357 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

## OPINION AND ORDER

Plaintiff Elizabeth Wright ("Wright") has sued her insurance carrier ASI Lloyds ("Lloyds"). She seeks to recover for damages to her property at 315 Narcissus Road, Clear Lake Shores, Texas 77565 (the "Property"), allegedly suffered from an event of vandalism. As part of the discovery process, Lloyds's counsel asked for an opportunity to view the Property with Lloyds's experts. In accordance with Federal Rule of Civil Procedure 34, Lloyds sent a letter requesting to inspect the Property at 9 a.m. on August 22, 2023. Wright's counsel agreed to this date and time. Lloyds's counsel (Carin Marcussen) and two experts (Lorne Epson and Billy Liles) arrived at the Property at 9 a.m. on August 22, 2023. They were met at the Property by a representative of the law firm representing Wright. One problem: the law firm's representative did not have a key to the Property. As a result, the experts were unable to conduct the home inspection. The inspection had to be cancelled and rescheduled for a later date. Lloyds has now filed a Motion for Sanctions for Failure to Comply with Request for Inspection ("Motion for Sanctions"). Dkt. 24. Lloyds seeks to recover the costs incurred by Lloyds for the failed inspection.

Rule 37(d)(1)(A)(ii) provides for the imposition of sanctions against a party who fails to respond or object to a Rule 34 request for inspection. Wright's counsel failed to provide access to the Property at the requested date and time. This

resulted in a complete waste of time, effort, and money. Particularly concerning is that this is apparently the second time that Lloyds had tried to inspect the Property without success. After receiving notice of this claim, but before a lawsuit had been filed, Lloyds scheduled an inspection of the Property through Wright's counsel for July 20, 2021. For whatever reason, nobody showed up that day to provide Lloyds's adjuster access to the interior of the Property.

As a general rule, district courts possess "wide latitude" on determining the appropriate sanctions for a party's failure to comply with its discovery obligations. *Griffin v. Aluminum Co. of Am.*, 564 F.2d 1171, 1172 (5th Cir. 1977). My discretion, however, is limited by Rule 37(d)(3), which provides as follows: "[T]he court must require the party failing to act, the attorney advising that party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(d)(3). The record before me does not reflect any circumstances that would make an award of expenses unjust. To the contrary, it would be patently unfair to force Lloyds to shoulder the financial burden that resulted entirely from Wright's counsel's failure to make the Property available for inspection at the agreed upon date and time. As a result, Lloyds should be reimbursed the amount it unnecessarily incurred as a result of the failed inspection. Lloyds calculates those amounts as follows:

| | |
|---|---|
| $750.00 | Carin Marcussen, Defendant's counsel – Hourly rate ($250.00/hr) x 3.0 hours to drive to/from the Property and wait for access; |
| $40.68 | Ms. Marcussen's mileage from her office (801 Travis Street, Houston, TX) to the Property and back; |
| $1,443.00 | Lorne Epson, Defendant's engineer – Hourly rate ($390.00/hr) x 3.7 hours to drive to/from the Property and wait for access; |

|  |  |
|---|---|
| $65.50 | Mr. Epson's mileage from his office (12140 Wickchester Lane, Houston, Texas) to the site and back; |
| $917.50 | Billy Liles, Defendant's construction expert – Hourly rate ($130.00/hr) x 11.5 hours to drive to/from the Property and wait for access;[1] and |
| <u>$467.48</u> | Mr. Liles' mil[e]age from his office (1709 Highland Park Avenue, Mission, Texas) to the Property and back. |
| $3,684.16 | |

Dkt. 24-6 at 2.

In addition to the $3,684.16 identified above, Lloyds is entitled to the reasonable and necessary attorney's fees it incurred preparing the briefing related to the motion for sanctions. *See* FED. R. CIV. P. 37(d)(3). Lloyds has until Friday, October 27, 2023 to provide a declaration identifying the amount of those reasonable and necessary attorney's fees. I will provide Wright until November 1, 2023 to submit any briefing or evidentiary support challenging Lloyds's request for attorney's fees.

In conclusion, Lloyds's Motion for Sanctions (Dkt. 24) is **GRANTED**. After I have had an opportunity to review the parties' submissions concerning attorney's fees, I will issue an order specifying the amount of sanctions to be imposed on Wright's counsel.[2]

SIGNED this 24th day of October 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] I note that $130.00 multiplied by 11.5 equals $1,495.00. That said, I am not in the habit of awarding parties more money than they requested.

[2] Rule 37(d)(3) provides that sanctions can be imposed on "the party failing to act, the attorney advising that party, or both." FED. R. CIV. P. 37(d)(3). Based on the briefing submitted by the parties and oral argument, I find that all blame for the failure to provide access to the insured property rests solely with Wright's counsel, who knew that his client would not be present for the inspection and failed to ensure that the firm's representative had a key to the property in advance. Wright did nothing wrong.