United States District Court
Southern District of Texas
**ENTERED**
November 01, 2023
Nathan Ochsner, Clerk

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## GALVESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WRIGHT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00357 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

### OPINION AND ORDER

Pending before me is Plaintiff's Motion to Compel Appraisal and Abatement. Dkt. 35. After considering the motion, the response, and the applicable law, I **DENY** Plaintiff's motion.

### INTRODUCTION

The case concerns an insurance claim that Plaintiff Elizabeth Wright ("Wright") submitted for property damage that she allegedly suffered as the result of vandalism. In a letter dated July 20, 2021, Defendant ASI Lloyds ("Lloyds") denied coverage for the loss under the applicable insurance policy (the "Policy"). About nine months later, on April 27, 2022, Wright filed this lawsuit in Texas state court. On September 26, 2022, Lloyds removed the case to federal district court on the basis of diversity jurisdiction.

For the past 16 months, the parties have actively engaged in litigation. Written discovery has been exchanged. Depositions have been taken. Expert witnesses have been designated. The discovery deadline and the dispositive motion deadline have already passed. Lloyds's motion for summary judgment is ripe for decision. Docket call is scheduled for February 9, 2024.

On October 2, 2023—804 days *after* Lloyds denied her claim and 523 days *after* she filed suit—Wright filed the instant motion seeking to compel appraisal and abate this case. Lloyds opposes the motion.

## THE APPRAISAL CLAUSE AT ISSUE

The Policy contains an appraisal clause, which provides that if Wright and Lloyds "agree on the scope of direct physical loss or damage that is covered by the terms and conditions of this policy but disagree on the amount payable for that scope of loss, either may make written demand for an appraisal of the agreed-upon scope of loss to resolve the disagreement." Dkt. 46-2 at 37. The appraisal clause also identifies a process by which two appraisers and an umpire are selected.

## THE APPLICABLE LEGAL STANDARD

"Appraisal clauses, a common component of insurance contracts, spell out how parties will resolve disputes concerning a property's value or the amount of a covered loss." *In re Universal Underwriters of Tex. Ins. Co.*, 345 S.W.3d 404, 405 (Tex. 2011). Because "[a]ppraisals require no attorneys, no lawsuits, no pleadings, no subpoenas, and no hearings," *State Farm Lloyds v. Johnson*, 290 S.W.3d 886, 894 (Tex. 2009), "[a]ppraisals can provide a less expensive, more efficient alternative to litigation." *Universal Underwriters*, 345 S.W.3d at 407. For this reason, the Texas Supreme Court has expressed a strong policy in favor of enforcing appraisal clauses in insurance contracts, holding that appraisals "should generally go forward without preemptive intervention by the courts." *Johnson*, 290 S.W.3d at 895.

Although appraisal "clauses are generally enforceable," they can, like any other contractual provision, be waived. *Universal Underwriters*, 345 S.W.3d at 407. Waiver is the "intentional relinquishment of a known right" which may "occur either expressly, through a clear repudiation of the right, or impliedly, through conduct." *G.T. Leach Builders, LLC v. Sapphire V.P., LP*, 458 S.W.3d 502, 511 (Tex. 2015) (quotation omitted). Implied waiver "is largely a matter of intent, and for [it] to be found through a party's actions, intent must be clearly demonstrated by the surrounding facts and circumstances." *Jernigan v. Langley*, 111 S.W.3d 153, 156 (Tex. 2003).

## DISCUSSION

### A. APPRAISAL IS NOT APPROPRIATE

In accordance with the express contractual language of the Policy, appraisal is appropriate if, and only if, Wright and Lloyds "agree on the scope of direct physical loss or damage that is covered by the terms and conditions of this policy but disagree on the amount payable for that scope of loss." Dkt. 46-2 at 37. This contractual language is clear and unambiguous. In opposing appraisal, Lloyds convincingly argues that this appraisal clause is inapplicable to the present dispute because there is no agreement between Wright and Lloyds "on the scope of direct physical loss or damage that is covered by the terms and conditions of this policy." *Id.* In this litigation, Lloyds's fundamental position is that the Policy does not cover damages resulting from vandalism. As Lloyds notes, "[t]his case does *not* present a disagreement over the *amount* of loss; it is a dispute over whether the loss is covered *at all*. Coverage disputes are the purview of the Court—not appraisers." Dkt. 46 at 3. "Because this is *not* a valuation dispute between the parties," Lloyds insists that an "appraisal would simply serve as an extra, unnecessary, and expensive step within this litigation." *Id.* I wholeheartedly agree. Given that the parties are unable to "agree on the scope of direct physical loss or damage that is covered by the [Policy]," Dkt. 46-2 at 37, there is no appraisable issue. Wright's motion to compel appraisal thus fails for that reason alone.

### B. WRIGHT HAS WAIVED ANY APPRAISAL RIGHTS

Even if I assume, for the sake of argument, that there is an appraisable issue, Wright has unquestionably waived her right to invoke appraisal at this late date. To establish waiver of the right to appraisal, Lloyds must demonstrate that: (1) the parties have reached an impasse; (2) after reaching an impasse, Wright did not invoke appraisal within a reasonable time; and (3) Lloyds will suffer prejudice as a result of the delay. *See Universal Underwriters*, 345 S.W.3d at 407–12. I will address each factor separately.

3

### 1.      The Parties Have Reached an Impasse

The Texas Supreme Court has explained that an impasse occurs when the parties reach "a mutual understanding that neither [party] will negotiate further." *Id.* at 410. Put another way, there is an impasse when "both parties [become] aware that further negotiations would be futile." *Id.* at 409. "If one party genuinely believes negotiations to be ongoing, it cannot have intended to relinquish its right to appraisal (unless it expressly waives it)." *Id.*

The parties reached an impasse when Lloyds informed Wright on July 20, 2021 that it would not pay any policy benefits for damage allegedly caused by vandalism. *See Elevia, Inc. v. Amguard Ins. Co.*, No. H-19-4028, 2020 WL 6192008, at *2 (S.D. Tex. May 21, 2020) ("The Court finds [that] . . . AIC's denial of coverage caused the parties to reach an impasse."). Lloyds did not mince words in its denial letter: "Based on the above policy language, we will be unable to provide coverage for this particular loss." Dkt. 46-1 at 5. July 20, 2021 is the date of impasse.

### 2.      After Reaching an Impasse, Wright Did Not Invoke Appraisal Within a Reasonable Time

Although the impasse occurred on July 20, 2021, Wright took her sweet time to invoke appraisal. Not until October 2, 2023—more than two years after the date of impasse—did she first demand appraisal. That is way too long. To make matters worse, Wright actively participated in the discovery process, designated expert witnesses, and agreed to the extension of various case deadlines without ever raising the specter that appraisal was a suitable option. Thankfully, Wright does not suggest that her demand for appraisal was made within a reasonable time. Any such argument would be met with hearty laughter. I can unequivocally state that a two-year delay between impasse and an appraisal demand is per se unreasonable. *See, e.g.*, *Southland Lloyds Ins. Co. v. Cantu*, 399 S.W.3d 558, 578 (Tex. App.— San Antonio 2011, pet. denied) (finding a 16-month delay unreasonable); *Sanchez v. Prop. & Cas., Ins. Co. of Hartford*, No. CIV. A. H-09-1736, 2010 WL 413687, at

*8 (S.D. Tex. Jan. 27, 2010) (finding a delay of more than ten months unreasonable).

### 3.      Lloyds Will Suffer Prejudice as a Result of the Delay

Even though an unreasonable amount of time elapsed between impasse and the invocation of appraisal, Lloyds must still demonstrate that it was prejudiced by the delay. *See Universal Underwriters*, 345 S.W.3d at 411 ("[M]ere delay is not enough to find waiver; a party must show that it has been prejudiced."). "[P]rejudice to a party may arise in any number of ways that demonstrate harm to a party's legal rights or financial position." *Id.* In this case, prejudice is obvious. As a direct result of Wright dragging her feet on the appraisal issue, Lloyds has incurred significant expense in this matter through participation in the discovery process and the preparation of a motion for summary judgment. Moreover, Lloyds "would suffer significant prejudice if an appraisal was permitted to begin at this late stage of the litigation after [Lloyds] ha[s] already obtained favorable rulings from this Court and [is] awaiting disposition of a dispositive motion that would resolve this case in its entirety." *Barcelona Lofts, LLC v. Travelers Indem. Co. of Am.*, No. SA-17-cv-1048, 2018 WL 6190362, at *8 (W.D. Tex. Sept. 6, 2018).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Compel Appraisal and Abatement (Dkt. 35) is **DENIED**.[1]

SIGNED this __1st__ day of November 2023.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

[1] "A motion to compel appraisal is a non-dispositive motion, so a magistrate judge can issue an order instead of a memorandum and recommendation." *Duncan v. GeoVera Specialty Ins. Co.*, No. 4:21-cv-22, 2021 WL 2376609, at *1 n.1 (S.D. Tex. June 10, 2021).