Case 3:22-cv-00357    Document 94    Filed on 08/05/25 in TXSD    Page 1 of 8

United States District Court
Southern District of Texas
**ENTERED**
August 05, 2025
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WRIGHT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | 3:22-cv-357 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

# ORDER

Before the court is the defendant's motion for sanctions, on remand from the Fifth Circuit. Dkts. 64, 92. The court previously denied the motion in its order granting summary judgment for ASI. Dkt. 73 at 10. The parties cross-appealed on various issues, and the Fifth Circuit remanded with instructions to issue "findings with respect to ASI's motion for sanctions, including an explanation of the district court's reasoning." Dkt. 92 at 14–15. The court now does so.

In its previous ruling, the court focused on ASI's request to "dismiss[] this case with prejudice" when granting relief. Dkt. 64 at 23. At the time, the court believed granting summary judgment was sufficient to make the defendant whole. Having reviewed the briefing and relevant law on remand, however, the court reconsiders that position and finds sanctions are

necessary "to deter repetition of such conduct or comparable conduct by others similarly situated." *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796, 808 (5th Cir. 2003) (en banc) (quoting Fed. R. Civ. P. 11(c)(4)). Accordingly, the court withdraws its previous ruling as to ASI's motion for sanctions only, Dkt. 73 at 10, and now grants ASI's request for monetary sanctions. Dkt. 64.

"District courts have an independent duty to maintain the integrity of the judicial process." *Whitehead*, 332 F.3d at 808. And attorneys have a duty to conduct a "reasonable inquiry into the facts and law of a case" when they affix their "signature[s] on any papers to the court." *Mercury Air Grp., Inc. v. Mansour*, 237 F.3d 542, 548 (5th Cir. 2001); Fed. R. Civ. P. 11. Accordingly, "[i]t is sanctionable conduct for counsel to file pleadings with no legal or factual justification." *Esparza v. Contreras*, No. 5:23-CV-98, 2023 WL 9316921, at *3 (S.D. Tex. Dec. 28, 2023), *report and recommendation adopted*, No. 5:23-CV-98, 2024 WL 287697 (S.D. Tex. Jan. 25, 2024). Whether counsel have satisfied Rule 11 is "an objective, not subjective, standard of reasonableness under the circumstances," considering the following factors:

> [T]he time available for investigation; the extent to which an attorney relied on [his or her] client for factual support; the feasibility of a pre-filing investigation; whether the attorney accepted the case from another member of the bar; the

complexity of the factual and legal issues; and the extent to which the development of the factual circumstances of the claim requires discovery.

*Whitehead*, 332 F.3d at 802 (citation omitted); *Thornton v. GMC*, 136 F.3d 450, 454 (5th Cir. 1998).

ASI has moved for sanctions against Wright's counsel, Eric B. Dick of the Eric Dick Law Firm, PLLC,[1] requiring the payment of fees, costs, and expenses reasonably and necessarily incurred in defending this action. Dkt. 64 at 5. In sum, ASI alleges Dick filed suit based on unfounded factual and legal claims, intentionally disrupted the discovery process, and filed meritless motions intended only for delay, all "to force [ASI] to settle." Dkts. 64 6–16; 72 at 3. ASI has incurred significant cost defending against these legally and factually baseless claims. Dkt. 72 at 4.

Dick does not deny any of the allegations. Dkt. 67. Instead, he argues that Wright's policy provides broad coverage for damages unless an exclusion applies. *Id.* at 5–6. He points to section 554.002 of the Texas Insurance Code, which places the burden to show applicable exclusions on ASI. *Id.* at 7. Moreover, he contends sanctions are inappropriate because Wright met her pleading burden. *Id.* at 7–10.

---

[1] ASI also requests sanctions against Joseph J. Synoradski. But as Mr. Synoradski signed only a single motion to stay, the court absolves him of any liability in this matter.

But Rule 11 protects the judicial system from even well-pleaded complaints when they those complaints rely entirely on falsities. Fed. R. Civ. P. 11(b)(3). Here, the evidence reveals the complaint is founded upon falsities Dick either knew or should have known when filing the complaint:

- The complaint alleges vandalism damaged Wright's property, Dkt. 6 ¶¶ 1, 7, but Wright stated she did not believe vandalism caused the damage, Dkt. 64-3 at 11:19–14:8. In fact, she believed city-led demolition of the neighboring property caused the damage but had no personal knowledge of the fact. *Id.* at 14:21–15:6. Notably, Wright "expressly abandoned her claim that vandalism caused her loss" during summary judgment and instead focused on "government action." Dkt. 73 at 4 & n.2.

- The complaint alleges the property was Wright's primary residence and that she had provided evidence of her continual residence there to ASI, Dkt. 6 ¶¶ 6, 9, and that the damage occurred while she was on a trip out of town, *id.* ¶ 7, but Wright has lived in Dallas since 2000 and the property had been vacant for two years at the time she discovered the damage, Dkt. 64-3 at 4:25–5:17, 25:20–24.

- The complaint alleges the property was well-maintained prior to the loss, *Id.* ¶ 9, but the city cited the property as a nuisance, unsanitary, and unfit for human habitation a year before the alleged date of loss, Dkt. 64-6 (showing house interior); 64-6 (citing property); 64–7 at 12:14–15:11 (explaining citations), and the property was on the city's list of tear-down properties, Dkt. 64-7 at 10:9–20.

- The complaint alleges Wright complied with ASI's loss investigation, Dkt. 6 ¶ 9, but neither Wright nor her counsel appeared at the scheduled inspection time to let ASI's adjuster into the property, Dkts. 64-2 ¶ 12, at 39.

- The complaint alleges ASI refused to consider Wright's testimony and evidence supporting her claim based on

vandalism, Dkt. 6 ¶ 9, but neither Wright nor Dick provided evidence or testimony as to the alleged cause.

According to Wright, Dick did not consult or review the complaint with her before filing suit. Dkt. 64-3 at 20:16–22:15.

The above facts—which Dick knew or should discovered by simply speaking with his client—would have precluded Wright's asserted legal claims as a matter of law. Wright's policy excludes coverage for vandalism when the property is vacant for more than 30 days; the property was vacant for six months prior to the incident and remained so for two more years.[2] Dkts. 6 ¶ 7; 43-1 at 32; 64-3 at 24:22–24. Dick had the policy in hand for nearly a year before filing suit on Wright's behalf without consulting her. Dkts. 1-2 at 1; 64-2 ¶ 8. Accordingly, Dick's insistence that a fact dispute over whether Wright's absence was temporary should preclude sanctions is entirely manufactured. Dkt. 67 at 12–13.

The court finds Dick filed Wright's complaint for "improper purpose." Fed. R. Civ. P. 11(b). The fabricated allegations in the complaint, combined with the hurdles Dick forced ASI to endure simply to litigate this case, require a finding that Dick sought only to "harass, cause unnecessary delay, or

---

[2] And, as noted, had the complaint asserted damage by government action instead, the policy excludes that type of damage as well.

needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). As such, Dick violated Rule 11.

Furthermore, Dick violated 28 U.S.C. § 1927 by engaging in conduct that "unreasonably and vexatiously" multiplied the proceedings in this case. After the above facts became known to all the parties, Dick continued to prosecute this case by: (1) moving for appraisal and to abate, although Wright had clearly waived her right to appraisal, did not qualify for it, and had waited "804 days *after* [ASI] denied her claim and 523 days *after* she filed suit" to seek appraisal, Dkts. 35; 52 at 1; (2) objecting to the order denying the motion for appraisal and to abate, Dkts. 57, 59, and (3) moving to stay the case, Dkt. 66.

Dick's vexatious behavior extends to the instant motion. He claims ASI failed to provide the 21-day safe harbor required under Rule 11. Dkt. 67 at 10–11; Fed. R. Civ. P. 11(c)(2). Wrong. ASI served the instant motion on Dick via email and Federal Express 33 days before filing it with the court. Dkts. 64 at 24; 72-1; 72-2.

Dick violated his duty to conduct a "reasonable inquiry into the facts and law of a case" before he affixed his "signature[s] on any papers to the court." *Mercury Air Grp.*, 237 F.3d at 548; Fed. R. Civ. P. 11. He has presented "pleadings with no legal or factual justification," which is

sanctionable conduct." *Esparza*, 2023 WL 9316921, at *3. Considering the relevant factors, Dick had time to investigate the claims, either failed to communicate with or ignored the facts available from his client, was not dealing with complex legal or factual issues, and did not require discovery to know the complaint to which he affixed his signature was legally unsound. *See Thornton v. GMC*, 136 F.3d at 454.

Accordingly, the court orders Dick and the Dick Law Firm to be sanctioned under both Rule 11 and 28 U.S.C. § 1927. "Rule 11 limits sanctions 'to what is sufficient to deter repetition of such conduct or comparable conduct by others similarly situated.'" *Whitehead*, 332 F.3d at 808 (quoting Fed. R. Civ. P. 11(c)(4)). "[T]he district court retains broad discretion in determining the appropriate sanction," which "may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances."[3] *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878 (5th Cir. 1988) (quotations omitted).

---

[3] In determining what Rule 11 sanction to impose, the court also considers: (1) whether the conduct was willful, negligent, or intended to cause injury, isolated or repeated, and affected a single event or the whole case; (2) similar prior conduct by counsel; (3) the time and expense associated with the conduct; and (4) whether the responsible party was trained in the law. *Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996).

To accomplish the objectives of Rule 11 and 28 U.S.C. § 1927, the court hereby orders Dick to pay the fees, costs, and expenses reasonably and necessarily incurred by ASI in defense of this suit.

ASI is ordered to file an amended bill of costs reflecting the court's order of sanctions.

Signed on Galveston Island this 5th day of August, 2025.

_____
JEFFREY VINCENT BROWN
UNITED STATES DISTRICT JUDGE