# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# GALVESTON DIVISION

| | | |
|---|---|---|
| **ELIZABETH WRIGHT,** | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | **CAUSE NO. 3:22-CV-357** |
| **VS.** | § | |
| | § | |
| **ASI LLOYDS,** | § | |
| | § | |
| *Defendant.* | | |

---

## PLAINTIFF'S OBJECTION AND MOTION TO STRIKE AFFIDAVIT OF LADONNA G. SCHEXNYDER (EXHIBIT 1 TO DKT. 99)

---

TO THE HONORABLE UNITED STATES DISTRICT JUDGE JEFFREY V. BROWN:

Plaintiff Elizabeth Wright hereby respectfully submits this Plaintiff's Objection and Motion to Strike Affidavit of Ladonna G. Schexnyder (Exhibit 1 Dkt. 99).

Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
eric@dicklawfirm.com
DICK LAW FIRM, PLLC
3701 Brookwoods Drive
Houston, TX 77092
(832) 207-2007 (office)

# TABLE OF AUTHORITIES

## CASES

*DIRECTV, Inc. v. Budden*, 420 F.3d 521 (5th Cir. 2005) …………………………..… 3, 19

*Hensley v. Eckerhart*, 461 U.S. 424 (1983) …………...….…..… 2, 12, 15, 18, 20, 21, 27

*In re First City Bancorporation of Tex. Inc*., 282 F.3d 864 (5th Cir. 2002) …..... 16, 22, 26

*IKON Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) …………………………………………………..………... 26

*Lozano v. Lozano*, 52 S.W.3d 141 (Tex. 2001) ……………………………………… 26

*Spallone v. United States*, 493 U.S. 265 (1990) ……………………………..……….. 27

*Thomas v. Capital Sec. Servs., Inc*., 836 F.2d 866 (5th Cir. 1988) (*en banc*) ……..... 22, 25

*Von Clark v. Butler*, 916 F.2d 255 (5th Cir. 1990) ………………………….. 13, 15, 17, 20

*Whitehead v. Food Max of Miss., Inc*., 332 F.3d 796 (5th Cir. 2003) (*en banc*) …………...…………………………………………………………………………… 2

## STATUTES AND RULES

28 U.S.C. § 1920 …………………………………………………………….…….. 18

Fed. R. Evid. 401 …………………………………………………...……… 5, 6, 14

Fed. R. Evid. 403 ……………………….…………………..…… 5, 8, 9 11, 16, 20, 23, 25, 26

Fed. R. Evid. 602 …………………………………………....4, 6, 7, 8, 10, 19, 21 ,25

Fed. R. Evid. 701 …………………………………………….. 4, 6, 8, 9, 10, 14, 24

Fed. R. Evid. 702 ……………………………………………. 4, 6, 8, 9, 14, 24, 26

Fed. R. Evid. 801 …………………………………………………………….. 6, 8, 16

Fed. R. Evid. 803(6) ……………………………………………………….……… 7, 17

Fed. R. Evid. 1002 ………………………………………….…......……….… 5, 7, 11, 17

Fed. R. Evid. 1006 ……………………………………………….……….…….… 7, 17

TO THE HONORABLE JUDGE BROWN:

COMES NOW, Plaintiff Elizabeth Wright, through counsel, objects to and moves to strike the Affidavit of LaDonna G. Schexnyder (Ex. 1 to Dkt. 99) -- a last-minute, deficient attempt to salvage Defendant ASI Lloyds' overreaching fee demand of $166,222.98. This affidavit exemplifies ASI's pattern of carelessness and excess in pursuing sanctions far beyond what this Court authorized or what the law permits.

ASI's initial amended bill of costs Dkt. 95 contained only unverified invoices -- inadmissible hearsay with glaring errors including impossibly high hourly rates that ASI now blames on a "software glitch." Only after Plaintiff objected did ASI scramble to submit this affidavit, essentially conceding its original submission was legally insufficient. But this belated cure is worse than the disease: the Schexnyder Affidavit consists entirely of conclusory assertions, improper opinion testimony, and speculation that fails every requirement of the Federal Rules of Evidence.

The Court's August 5, 2025 Order Dkt. 94 granted limited sanctions, directing only that "Dick pay the fees, costs, and expenses reasonably and necessarily incurred by ASI in defense of this suit." The Order nowhere mentions attorneys' fees broadly or appellate expenses. It certainly did not authorize ASI to recover every penny it ever spent from inception through hypothetical appeal. Yet Ms. Schexnyder's affidavit attempts to justify exactly that -- including $15,000 for responding to post-trial motions and $30,000 for a future appeal that may never occur.

This overreach is particularly troubling given the context: a legitimate coverage dispute involving catastrophic property damage that ASI's own documentation acknowledged. The Court initially denied sanctions, finding dismissal sufficient remedy Dkt. 73, before reversing on remand. Under controlling Supreme Court and Fifth Circuit precedent -- *Hensley v. Eckerhart*, 461 U.S. 424 (1983); *Whitehead v. Food Max of Miss., Inc.*, 332 F.3d 796 (5th Cir. 2003) (*en banc*) -- fee awards even as sanctions must be proven reasonable and causally linked to sanctionable conduct. ASI's affidavit satisfies none of these requirements. Instead, it offers only Ms. Schexnyder's self-serving assurance that everything was "reasonable and necessary" without providing the factual foundation that would enable this Court to make its own determination.

## I.  NATURE AND STAGE OF THE PROCEEDING

This case is before the Court on remand following the Fifth Circuit's decision directing findings on sanctions. On August 5, 2025, this Court entered an order granting limited monetary sanctions against Plaintiff's counsel Defendant ASI Lloyds subsequently filed an amended bill of costs Dkt. 95, supported belatedly by the Affidavit of LaDonna G. Schexnyder Dkt. 99-1. Plaintiff now objects to and moves to strike the affidavit on the grounds that it contains inadmissible, conclusory, and speculative statements and does not meet the evidentiary standards required to support a fee award.

## II.    SUMMARY OF THE ARGUMENT

The Schexnyder Affidavit fails to provide competent evidence to support Defendant's sanctions request. It is composed almost entirely of conclusory assertions, improper lay opinion speculative predictions of future fees, and hearsay. The affidavit does not establish the reasonableness or necessity of the claimed fees and expenses, nor does it provide the factual foundation required under the Federal Rules of Evidence. The Fifth Circuit has repeatedly held that affidavits must be based on personal knowledge and must contain specific, fact-based support for fee applications. Because the Schexnyder Affidavit falls far short of this standard, it should be stricken in whole or in part, and the Court should disregard it contents in evaluating Defendant's fee claims.

## III.    OVERVIEW OF SYSTEMATIC DEFICIENCIES

The following analysis demonstrates why each substantive statement in the Schexnyder Affidavit (Lines 5-18) fails to meet the evidentiary standards required by the Federal Rules of Evidence and binding Fifth Circuit precedent. As the table below illustrates, the affidavit consists almost entirely of conclusory assertions, improper opinion testimony, and speculative predictions, rather than the specific factual evidence required to support a fee award. The Fifth Circuit has consistently held that fee applicants must provide detailed, fact-based evidence to establish the reasonableness and necessity of claimed fees and costs. See *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995); *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 530 (5th Cir. 2005). Instead of meeting this burden, Ms. Schexnyder offers only her unsupported conclusions that all fees and expenses were reasonable and necessary, without providing the underlying facts that would enable

the Court to make its own determination. The systematic deficiencies in each line of the affidavit, as detailed below, render it inadmissible and insufficient to support Defendant's fee claim.

**Summary Table of Objections (Lines 5-18)**

| Line | Affidavit Statement | Objections | Rationale for Objections |
|------|---------------------|------------|--------------------------|
| 5 | "I have handled thousands of property damage cases brought by insureds against insurance companies. My C.V. is attached as Exhibit A." | Objection: Improper opinion testimony and lack of personal knowledge under Fed. R. Evid. 701(c) and 702 | Rationale: The affiant is attempting to qualify herself as an expert through experience claims without following proper expert witness procedures. The statement "thousands of cases" is unsubstantiated and cannot be verified. Attaching a CV is an improper attempt to establish expertise outside Rule 702 requirements. If she intends to give opinions on fee reasonableness based on specialized knowledge, she must be qualified as an expert with proper disclosure. |
| 6 | "I am familiar with the rates charged for defense of actions like this one in Texas and Louisiana." | Objection: Lacks foundation and constitutes improper lay opinion under Fed. R. Evid. 602 and 701(c) | Rationale: The affiant provides no basis for her claimed familiarity - she doesn't explain whether she conducted surveys, reviewed other firms' rates, or how she acquired this knowledge. Determining "typical" market rates requires specialized knowledge that is expert testimony, not lay witness observation. Without foundation showing how she knows these rates, the statement is speculative and not based on personal knowledge. |

| 7 | "I have personal knowledge of the rate that my firm charged ASI for defense of this case." | Objection: No dispute/cumulative under Fed. R. Evid. 403 | Rationale: This fact is not contested and the rates are documented in the invoices themselves. The statement adds nothing beyond what the billing records show and wastes time on undisputed matters. If offered to authenticate billing records, it fails to establish the proper foundation required for business records. |
| --- | --- | --- | --- |
| 8 | "At the commencement of this action, my firm charged ASI the following rates... These rates are consistent with what my firm charged for this type of work at the time." | Objection: Best evidence rule violation and lack of relevance to reasonableness under Fed. R. Evid. 1002 | Rationale: The written fee agreement or initial invoices are the best evidence of the rates, not testimony paraphrasing them. Stating rates are "consistent" with the firm's normal charges doesn't establish market reasonableness - it's circular reasoning that the rates are reasonable because that's what they charge. The burden is to prove rates are reasonable in the market, not just internally consistent. |
| 9 | "Effective October, 2022, the rates that my firm charged ASI were... This is consistent with the rates my firm charges for this type of work." | Objection: Relevance and authenticity issues under Fed. R. Evid. 401 | Rationale: Mid-litigation rate increases without evidence they were communicated to or agreed by the client lack authentication. The fact of a rate change doesn't prove the new rates are reasonable or recoverable. Again, relies on circular logic that rates are justified because the firm charges them to other clients, without external market evidence. |

| 10 | "The rates my firm charged and currently charges ASI are well within the range of rates typically charged by insurance lawyers in Texas and the Houston area." | Objection: Improper opinion and conclusory assertion under Fed. R. Evid. 701 and 702 | Rationale: This is a naked conclusion without any factual support - no market surveys, other attorney affidavits, or fee award citations. The affiant is not an independent expert but the attorney seeking fees, creating bias. "Well within the range" is vague and unquantified. This requires expert knowledge about market rates that a lay witness cannot provide without foundation. |
|---|---|---|---|
| 11 | "My firm keeps contemporaneous time records. I review the time records each month before invoices." | Objection: Foundation and relevance under Fed. R. Evid. 401 | Rationale: Contemporaneous recording is not disputed, making this irrelevant. The actual time records aren't produced, only invoices, so the claim cannot be verified. Stating she reviews bills is self-serving and doesn't substitute for the court's independent scrutiny. Her internal review process doesn't establish that charges are reasonable or necessary. |
| 12 | "ASI also reviews the bills and, if they believe any line items are excessive or unreasonable, they will make revisions." | Objection: Hearsay and lack of personal knowledge under Fed. R. Evid. 801 and 602 | Rationale: Testimony about ASI's beliefs and review process is hearsay if based on out-of-court communications. The affiant cannot have personal knowledge of ASI's mental state or internal processes. Client satisfaction with bills is irrelevant to legal recoverability - clients may pay for business reasons unrelated to legal reasonableness. |

| 13 | "From the commencement of this action through July 31, 2025, ASI has incurred $9,799.55 in costs, $24,386.43 in expenses, and $128,859.50 in attorney fees." | Objection: Lacks proper foundation, hearsay, and violates best evidence rule under Fed. R. Evid. 803(6), 1002, and 1006 | Rationale: No foundation is laid that invoices are business records or that affiant is qualified to authenticate them. Summarizing invoice totals violates the best evidence rule - the invoices themselves must prove their contents. If presenting a summary under Rule 1006, proper procedures weren't followed. Bundling "costs" and "expenses" obscures which items are legally recoverable. |
|----|---|---|---|
| 14 | "In addition, for August 1 through August 31, 2025, ASI has incurred an additional $3,177.50 in attorney fees." | Objection: Speculative, not yet incurred, and lacking foundation under Fed. R. Evid. 602 | Rationale: The affidavit admits these bills haven't been submitted to or paid by ASI yet. Claiming fees "will" be approved is speculation about future events beyond personal knowledge. Courts cannot award fees not yet incurred or proven. The same authentication problems from Line 13 apply. |
| 15 | "All the work described and billed in the invoices attached as Exhibit B and Exhibit C was reasonable and necessary." | Objection: Conclusory legal opinion on ultimate issue under Fed. R. Evid. 602 | Rationale: Blanket assertion covering $132,000+ in fees without any factual support or task-by-task analysis. Reasonableness and necessity are legal conclusions for the court, not factual testimony. Affiant cannot have personal knowledge that every hour was necessary. Shows no billing judgment or exclusion of excessive time as required by Hensley. |

| 16 | "All expenses included in the invoices attached as Exhibit B and Exhibit C were reasonable and necessary." | Objection: Improper opinion, narrative, and irrelevant matters under Fed. R. Evid. 403 and 801 | Rationale: Same conclusory problem as Line 15 for expenses. The examples provided are attorney argument, not evidence. Claims about why expert was needed or who "insisted" on deposition location are unsupported assertions. These narratives are prejudicial attempts to blame plaintiff for costs without documentary support. |
|---|---|---|---|
| 17 | "Based on my education, training, and experience, it is my opinion that ASI will incur an additional $15,000 in costs, fees, and expenses to respond to the Motion to Alter Judgment." | Objection: Speculative expert opinion on future events under Fed. R. Evid. 602, 701, and 702 | Rationale: Improperly proffers expert opinion without qualification or methodology. Pure speculation about future costs with no breakdown or basis for the $15,000 figure. Irrelevant to current fee determination. Prejudicial attempt to discourage post-trial motions by attaching a price tag. |
| 18 | "Based on my education, training, and experience, it is my opinion that, if Eric Dick and the Dick Law Firm appeals to the Fifth Circuit, ASI will incur an additional $30,000." | Objection: Speculative, irrelevant, and prejudicial under Fed. R. Evid. 602, 403, and 702 | Rationale: Even more speculative than Line 17 - predicting costs for hypothetical appeal that hasn't occurred. No methodology or breakdown for $30,000 estimate. Completely irrelevant to trial court fee determination. Highly prejudicial attempt to threaten plaintiff with financial consequences for exercising appellate rights. |

## IV. LINE-BY-LINE OBJECTIONS

For each line and statement of the affidavit, Plaintiff submits the following objections:

**Line 5:** "I have handled thousands of property damage cases brought by insureds against insurance companies. My C.V. is attached as Exhibit A."

**Objection:** Improper opinion testimony and lack of personal knowledge. Affiant is effectively attempting to qualify herself as an expert on insurance litigation and attorneys' fees by touting her experience and attaching a CV. This is inappropriate. If this testimony is meant to support her opinions on what fees are reasonable or necessary, it constitutes expert testimony requiring prior disclosure and qualification under Rule 702, which has not occurred. As a lay witness (and counsel in the case), she may only testify to facts within her personal knowledge, not give opinion based on "specialized knowledge" about industry practices (Fed. R. Evid. 701(c)).

Her broad statement of handling "thousands" of similar cases is also unsubstantiated and outside the scope of any first-hand knowledge relevant to this case's fees – it's a generalized claim that cannot be readily tested. Furthermore, attaching a curriculum vitae is unnecessary and prejudicial (Rule 403), as it serves to improperly enhance her credibility and present her as an expert to the Court outside of the proper expert witness procedures.

The Fifth Circuit has made clear that fee applicants must provide specific evidence of the reasonableness of fees, such as affidavits from other attorneys or market surveys, and not rely solely on their own credentials and conclusions. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995) (requiring "satisfactory evidence" of prevailing market rates apart from the attorney's own opinion). Affiant's self-serving resume adds no competent evidence on the discrete billing entries or costs in question and should be stricken.

**Line 6:** "I am familiar with the rates charged for defense of actions like this one in Texas and Louisiana. I am well aware of the rate typically charged by insurance lawyers in Texas and in the Houston area, particularly."

**Objection:** Lacks foundation and constitutes improper lay opinion. Affiant provides no basis for her claimed "familiarity" with prevailing defense rates other than her own say-so. She does not explain how she became "well aware" of typical insurance defense rates – e.g., whether through personal surveys, review of other cases' billing records, or conversations with other attorneys (which would themselves be hearsay). Without such foundation, her assertion is speculative and not based on personal knowledge (Rule 602).

Moreover, determining the "typical" rates charged by other lawyers in the community clearly involves specialized knowledge of the legal market. This is the province of expert testimony, not a lay witness statement. Affiant has not been qualified as an expert in legal fee customs. Her sweeping statement about market rates is essentially an expert opinion on reasonableness of fees masquerading as fact, which violates Rule 701(c).

The Fifth Circuit requires "satisfactory evidence" of the prevailing market rates apart from the attorney's own opinion – simply declaring familiarity is not enough. *Kellstrom*, 50 F.3d at 324 (holding that "the party seeking reimbursement of attorneys' fees... has the burden of establishing the number of attorney hours expended, and can meet that burden only by presenting evidence that is adequate for the court to determine what hours should be included in the reimbursement"). In *Kellstrom*, the Fifth Circuit emphasized that the fee proponent must produce evidence of the community rates, and an attorney's affidavit on its own may be insufficient if conclusory. *Id.* at 324-25, 328-29. Here, Affiant's naked assertion provides no such evidence and is conclusory. Accordingly, this line should be stricken as an inadmissible opinion without foundation.

**Line 7:** "I have personal knowledge of the rate that my firm charged ASI for defense of this case."

**Objection:** No dispute/cumulative. That Affiant knows the rates her firm charged ASI is not a contested issue – indeed, she was counsel sending the bills. This statement is unnecessary and does not advance any material fact. The actual rates charged are documented in the invoices; repeating that she "has personal knowledge" of them adds nothing beyond what the billing records themselves show. To the extent this is included to bolster the notion that all her testimony is from personal knowledge, it is cumulative and should be excluded under Rule 403 as a waste of time.

Moreover, if offered to authenticate the billing records, there is a specific procedure and foundation required to admit business records (e.g., testimony about record-keeping practices). Simply saying she knows what was charged does not by itself satisfy the business-record exception or best evidence rule for the invoices. This line is superfluous and should be stricken to streamline the evidence to actual points of contention.

**Line 8:** "At the commencement of this action, my firm charged ASI the following rates: a. Shareholders – $240.00/hour; b. Associates – $220.00/hour; c. Paralegals – $90.00/hour. These rates are consistent with what my firm charged for this type of work at the time."

**Objection:** Best evidence rule and lack of relevance to reasonableness. The specific hourly rates charged at the start of the case are reflected in the written fee agreement or initial invoices, which are the best evidence of the rate terms (Fed. R. Evid. 1002). Affiant's testimony paraphrasing those rates is secondary evidence that is unnecessary and potentially invites error. If Defendant wished to prove the agreed billing rates, it should produce the engagement letter or an admissible business record showing those rates, rather than rely on this summary.

Additionally, stating that these were the rates her firm charged and that they were "consistent" with what her firm normally charges does not address whether those rates are reasonable in the market or recoverable from Plaintiff. It is essentially an attempt to bootstrap a claim of reasonableness by saying "we normally charge this," which is irrelevant to the Court's determination. The fact that her firm internally found these rates suitable "for this type of work" does not prove that an opposing party should bear them.

Without external evidence that $240/$220/$90 were prevailing or reasonable rates, this statement is incomplete and self-validating. Under *Hensley v. Eckerhart*, 461 U.S. 424 1983), the fee applicant bears the burden of proving that the rates claimed are reasonable for the community and type of case, with satisfactory evidence beyond the attorney's own affidavit. The Court stated that "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed." *Id.* Affiant's personal assertion of consistency with her own firm's practices is not the required evidence. Therefore, this portion of the affidavit should be stricken or disregarded as it does not establish the ultimate issue (reasonableness of the rates) and violates the best-evidence rule regarding the content of the billing terms.

**Line 9:** "Effective October, 2022, the rates that my firm charged ASI were: a. Shareholders – $270.00; b. Associates – $250.00; c. Paralegals – $115.00. This is consistent with the rates my firm charges for this type of work."

**Objection:** Relevance and authenticity. Similar to Line 8, this statement lists mid-litigation rate increases and claims they are "consistent" with the firm's usual rates. Plaintiff objects that whether the firm raised its rates in October 2022 and what those rates became is not, in itself, proof that those higher rates are reasonable or should be fully recoverable. Without evidence of prevailing market rates, the fact of a rate change is of minimal relevance.

Moreover, Affiant does not provide or authenticate any document showing that these new rates were communicated to or agreed by the client (ASI), nor any notice to the Court. If the rate increase is reflected in the invoices, those records should speak for themselves. Any testimonial summary of them raises hearsay and best-evidence concerns as noted above. Additionally, to the extent these higher rates are being justified by saying "that's what we charge all clients," it again fails to address the market reasonableness standard. This line is cumulative of the prior paragraph and serves primarily to assert a conclusion (that the rates are normal for her firm) without independent corroboration. It should be stricken for the same reasons as Line 8.

**Line 10:** "The rates my firm charged and currently charges ASI are well within the range of rates typically charged by insurance lawyers in Texas and the Houston area, in particular."

**Objection:** Improper opinion and conclusory assertion. This statement is essentially Affiant's opinion that her rates are "well within" a typical range. She provides no factual support such as market surveys, affidavits from other attorneys, or citations to fee awards to substantiate this claim. As such, it is a naked conclusion and *ipse dixit* by someone who is not an independent expert but the very attorney seeking fees.

The Fifth Circuit has cautioned that conclusory affidavits asserting reasonableness are inadequate. In *Von Clark v. Butler*, 916 F.2d 255, 259 (5th Cir. 1990), the fee applicant's assertion that certain hours were attributable only to the successful claims (and thus compensable) was deemed "unsupported" and "inadequate to meet [the] burden of proof." The court noted that "with the exception of Clark's unsupported statement, no proof whatsoever exists that the timesheets submitted by Clark accurately reflect the time spent only on the claim against Butler." *Id.* Similarly, here, simply declaring the rates "within the range" without evidence is insufficient.

This is also a lay witness offering an opinion on a matter that requires expert knowledge – what rates other lawyers charge in Houston is not common knowledge. There is no foundation that Affiant surveyed or analyzed other lawyers' rates; her personal belief does not equal admissible evidence. Moreover, the phrase "well within the range" is vague and unquantified – a textbook conclusory statement that prevents effective cross-examination. Under Fed. R. Evid. 701 and 702, this kind of market comparison is improper without expert qualification.

As the Fifth Circuit held in *Kellstrom*, 50 F.3d at 324-25, fee awards were vacated in part because the affidavits lacked detailed evidence of prevailing market rates and were too conclusory on reasonableness. The court emphasized that "documentation must be sufficient for the court to verify that the applicant has met its burden. In determining the amount of an attorney fee award, courts customarily require the applicant to produce contemporaneous billing records or other sufficient documentation." *Id.* at 324. Line 10 offers a legal conclusion on the central issue (reasonableness of rates) and usurps the Court's role; it must be struck.

**Line 11:** "My firm keeps contemporaneous time records. I review the time records each month before invoices for the work performed and expenses incurred in defense of the litigation are submitted to ASI for payment."

**Objection:** Foundation and relevance. While maintaining contemporaneous time records is generally a good practice, this statement is not tied to any particular disputed issue—Plaintiff is not objecting on the basis that time was not recorded contemporaneously. Thus, the relevance of this statement is low (Rule 401). Furthermore, Affiant does not produce those actual time records here (only invoices), so the Court cannot verify this claim.

To the extent Affiant is implying that she personally vetted each entry for reasonableness ("I review ... before invoices are submitted"), this is a self-serving assertion lacking independent

verification. It effectively says "trust me, I already checked the bills," which is not an admissible fact but an opinion on the ultimate reasonableness of the bills. As *Budden* makes clear, Rule 56(e) requires that affidavits "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein." 420 F.3d at 529. Affiant's conclusory review claim fails this standard.

The Fifth Circuit has noted that a fee request must be supported by documentation that allows the court to assess each charge; an attorney's internal review process does not substitute for external scrutiny. As stated in *Von Clark*, 916 F.2d at 260-61, "time and time again this court has admonished attorneys... to keep careful time records so that the court may determine if the hours submitted are reasonable." The court approvingly cited the Supreme Court's rule that "[h]ours that are not properly billed to one's client also are not properly billed to one's adversary." *Id.* at 261 (quoting *Hensley*, 461 U.S. at 434, 103 S. Ct at 1040).

Additionally, any statement about her internal review is irrelevant to the Court's determination of the necessity of each item – it is the Court's duty, not the affiant's, to decide what is excessive or not. Allowing this line would put the Court in the position of accepting the attorney's judgment rather than making its own, contrary to *Hensley*'s directive that courts exclude hours not reasonably expended. 461 U.S. at 434. Therefore, Plaintiff objects that this line be stricken as irrelevant and as improper bolstering of evidence not before the Court.

**Line 12:** "ASI also reviews the bills and, if they believe any line items are excessive or unreasonable, they will make revisions and remit payment only for the amount they believe to be reasonable for the defense of the case."

**Objection:** Hearsay and lack of personal knowledge. Affiant testifies about the actions and beliefs of her client (ASI) in reviewing legal bills. To the extent this implies that ASI

communicated to her its belief that certain items were or were not reasonable, such communications are out-of-court statements offered to prove the truth of ASI's satisfaction (i.e., hearsay, Fed. R. Evid. 801). Affiant does not demonstrate how she knows what ASI "believe[s]" about particular entries except by presumably being told or by inference from payment – either way, it's not proper evidence of the client's mental state.

Moreover, whether ASI "believes" the fees are reasonable is irrelevant to whether the fees are legally recoverable from Plaintiff. Clients may pay bills for any number of reasons, including business judgment or convenience, that have nothing to do with legal necessity or reasonableness under fee-shifting standards. Allowing this testimony would effectively say "the client had no issue paying, so the opponent must pay" – a proposition unsupported in law and fraught with prejudice.

Indeed, courts do not consider the subjective satisfaction of the paying party as proof that fees are objectively reasonable; otherwise, any bill that a client paid without protest would *ipso facto* be recoverable, which is not the case. See *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 867 (5th Cir. 2002) (in sanction fee shifting, the awarded amount must be tied to the misconduct and reasonable, not merely whatever the client paid). The court emphasized that sanctions must be chosen to employ "the least possible power to the end proposed" and that "the sanctioning court must use the least restrictive sanction necessary to deter the inappropriate behavior." *Id.* at 869.

Additionally, this statement is self-serving: it implies "the client vetted and approved everything, so it must all be fine," which is a conclusion on reasonableness and invites the Court to substitute the client's judgment for its own. Such evidence is of limited probative value but carries a high risk of misleading the Court (Rule 403) by suggesting an imprimatur of reasonableness. Plaintiff cannot cross-examine "ASI" on how it reviews bills or what revisions it

made (if any) because no ASI representative's testimony is presented – we only have Affiant's characterization. Therefore, Line 12 should be stricken as inadmissible hearsay, lacking foundation, and not relevant to the actual legal standard for fee awards.

Line 13: "From the commencement of this action through July 31, 2025, ASI has incurred $9,799.55 in costs, $24,386.43 in expenses, and $128,859.50 in attorney fees. A true and correct copy of the invoices submitted to and paid by ASI for costs, fees, and expenses through July 31, 2025 are attached as Exhibit B. These invoices went through the review process described in Paragraphs 11-12 and represent the actual amount of fees, costs, and expenses incurred and paid by ASI."

Objection: Lacks proper foundation, hearsay, and violates the best evidence rule. Affiant is providing a summary of a large number of billing records spanning the entire case. While she attaches invoices as Exhibit B, she does not lay any foundation that these invoices are business records kept in the ordinary course (Fed. R. Evid. 803(6)) or that she is the custodian/qualified witness to authenticate them. Without a proper foundation, the invoices themselves are hearsay (out-of-court statements of charges) and her testimony about their content is likewise hearsay or summary without meeting Rule 1006 requirements.

She states the totals of "costs," "expenses," and "attorney fees" incurred – essentially adding up numerous line items. Under the best evidence rule (Rule 1002), the contents of the invoices (which detail what those costs and fees are) must be proved by the invoices themselves, not by an affiant's say-so of the totals. If Defendant wanted to present a summary of voluminous records, it should have done so under Rule 1006 with proper verification.

As the Fifth Circuit held in *Von Clark*, 916 F.2d at 259, fee requests were deficient where attorneys "submitted only summaries of their timesheets," and an "unsupported statement" that

unrelated matters were removed was inadequate. The court emphasized that "the summaries are at best scanty and lacking in explanatory detail... With the exception of Clark's unsupported statement, no proof whatsoever exists that the timesheets submitted by Clark accurately reflect the time spent only on the claim against Butler." *Id.* Likewise, Affiant's summation of fees and costs is an unsupported summary that cannot substitute for competent evidence of each item's necessity.

Furthermore, bundling "costs" and "expenses" together without clarity is problematic – many so-called "expenses" (e.g., expert fees, travel, administrative costs) may not be taxable or recoverable as costs under 28 U.S.C. § 1920 or the sanction order. Affiant's combined total obscures the nature of these items, making it impossible for the Court to assess admissibility item-by-item.

The affidavit's reliance on the prior "review process" (Paragraphs 11-12) to vouch for these totals is an improper attempt to shift the burden to Plaintiff to disprove reasonableness. In truth, Defendant must prove each element is allowable and reasonable. *Hensley*, 461 U.S. at 437 ("the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates"). As the Court stated, "[w]here the documentation of hours is inadequate, the district court may reduce the award accordingly." *Id.* at 434.

Here, documentation is presented but not authenticated, and the affiant's conclusory statement that the invoices are "true and correct" and "represent the actual amount incurred" adds no insight beyond what the documents (if properly admitted) would show. The Court should strike this paragraph and require proof of fees and costs in a manner consistent with the Rules of Evidence (through admissible records and specific testimony on necessity), rather than accepting this hearsay summary at face value.

**Line 14:** "In addition, for August 1 through August 31, 2025, ASI has incurred an additional $3,177.50 in attorney fees. A true and correct copy of the August 2025 invoice is attached as Exhibit C. This invoice has gone through the review process described in Paragraph 11 and will go through the review process described in Paragraph 12 and represents the actual amount of fees, costs, and expenses incurred by ASI."

**Objection:** Speculative, not yet incurred, and lacking foundation. This portion of the affidavit is attempting to claim fees for the month of August 2025 (after July 31). Notably, Affiant states this invoice "has gone through" one review and "will go through" another review process by ASI, suggesting that as of the date of the affidavit's execution, the August invoice had not yet been fully reviewed or paid by the client. In fact, footnote 5 of the affidavit (not quoted, but referenced) admits "the month of August just closed and this bill has not yet been submitted to ASI."

This means the $3,177.50 is an unpaid, anticipated charge, not a cost "incurred" in the sense of paid or owed by ASI at that time. Predicting that ASI "will" review and presumably pay it is speculation about a future event. Affiant lacks personal knowledge about what will happen after the affidavit; she cannot know for certain that ASI will approve those fees or that no adjustments will be made (Rule 602). Thus, her assertion that the invoice "represents the actual amount" incurred is premature and without foundation.

As the Fifth Circuit has continuously held courts properly strike affidavit statements not based on personal knowledge and that are speculative. The court in *Budden* emphasized that Rule 56 requires affidavits to be based on personal knowledge and that "information and belief" statements fail this requirement. *DIRECTV, Inc. v. Budden*, 420 F.3d 521, 529 (5th Cir. 2005)

It is not the court's role to award fees not yet accrued or proven; any fees for August 2025 should be claimed (if at all) with proper evidence once they are finalized. Additionally, the same

authentication issues discussed in Line 13 apply here: no foundation for the invoice as a business record is laid. This statement also again references the self-serving "review process" as if to preemptively certify reasonableness – which is improper opinion on an ultimate issue.

The inclusion of projected fees "to be incurred" violates the basic principle that a party can only recover for fees actually incurred or obligated to pay. Awarding fees prospectively would deny Plaintiff the opportunity to challenge their necessity. This entire paragraph is irrelevant to the present fee petition (which should cover only up to the date of the petition) and is highly prejudicial (FRE 403) because it seeks to lock in additional fees without scrutiny. It should be stricken in full.

**Line 15:** "All the work described and billed in the invoices attached as Exhibit B and Exhibit C was reasonable and necessary for the proper prosecution and defense of this case for ASI."

**Objection:** Conclusory legal opinion on ultimate issue. This single sweeping sentence attempts to sanctify every task billed in over $132,000 of fees (and tens of thousands of expenses) as "reasonable and necessary." It provides zero factual support or explanation for why each of those myriad tasks was needed or how the amount of time spent was appropriate. Such a blanket conclusion does not constitute competent evidence, let alone the "clear and convincing evidence" required by the Supreme Court. *Hensley*, 461 U.S. at 440-41 (Burger, C.J., concurring) (requiring attorneys to establish "by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained").

The Fifth Circuit has repeatedly held that conclusory affidavits lacking specific facts are not sufficient to support fee awards or to defeat objections. See *Budden*, 420 F.3d at 530 (affidavit "not based on personal knowledge" or that is conclusory is not competent evidence); *Von Clark*,

916 F.2d at 259 (attorney's "unsupported statement" that time spent was purged of unrelated matters was inadequate). Here, Affiant's statement is the epitome of unsupported: it is her opinion that everything was justified.

But reasonableness and necessity are determinations for the Court, not the witness. This amounts to an improper lay opinion on a legal conclusion – essentially expert testimony without qualification. It also violates Rule 602 because Affiant cannot possibly have personal knowledge that every hour and every expense was necessary; she has bias as the billing attorney and cannot objectively say none of the work was duplicative or excessive.

Notably, she does not claim to have excluded or written off any time as unnecessary – indicating a lack of "billing judgment," which courts require fee applicants to exercise. See *Hensley*, 461 U.S. at 434 (counsel should exclude "excessive, redundant, or otherwise unnecessary" hours from a fee request). The Court stated that "counsel for the prevailing party should make a good-faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary... Hours that are not properly billed to one's client also are not properly billed to one's adversary." *Id.* By claiming all work was needed, Affiant is effectively saying no billing judgment reductions were warranted – a position courts view with skepticism.

Additionally, labeling work as for "proper prosecution and defense" conflates Plaintiff's prosecution of claims with Defendant's defense – the sanction order (Doc. 94) only authorizes fees reasonably incurred in defense of the suit, not for any prosecution by ASI. To the extent ASI undertook "prosecution" (counterclaims or motions), those may not be covered, yet Affiant lumps everything together. This overbreadth underscores the conclusory nature of her statement.

Line 15 is nothing more than attorney argument masquerading as evidence. It lacks probative value and its prejudice is great – if unchallenged, it would relieve Defendant of its burden

to prove each fee's necessity, essentially asking the Court to take the affiant's word for it. The Court should strike this line in its entirety. See *In re First City Bancorp.*, 282 F.3d at 867 (sanctions must be carefully calibrated; awarding all requested fees without detailed findings is disfavored); *Thomas v. Cap. Sec. Servs., Inc.*, 836 F.2d 866, 878-79, 880 (5th Cir. 1988) (*en banc*) (courts must avoid hindsight bias in sanctions and ensure any fee award is justified by specific findings, lest it become punitive and overbroad; emphasizing that parties have a duty to mitigate expenses and "correlat[e] [their] response, in hours and funds expended, to the merit of the claims").

**Line 16:** "All expenses included in the invoices attached as Exhibit B and Exhibit C were reasonable and necessary for the proper prosecution and defense of this case for ASI. For example, because Eric Dick and the Dick Law Firm alleged the property was damaged by vandalism and the policy excluded damage from vandalism if the property had been vacant, ASI retained expert Lorne Epson to inspect the house and opine on whether the utility usage at the property was consistent with the property being vacant. Because Eric Dick and the Dick Law Firm insisted that Plaintiff had to be deposed in Dallas, ASI incurred travel costs for their counsel to [sic] travel costs."

**Objection:** Improper opinion, narrative, and irrelevant matters. The first sentence of Line 16 suffers the same fatal flaw as Line 15: it is a broad, conclusory opinion that all expenses were reasonable and necessary, without specific proof for each expense. It should be stricken for the reasons stated above.

The remainder of Line 16 provides two "for example" narratives apparently intended to justify certain categories of expenses (an expert fee and travel costs). These examples actually highlight the issues with Affiant's testimony. First, the statement about retaining expert Lorne Epson to opine on utility usage is presented as a justification, but it is still hearsay and speculation

to the extent it implies what the expert did or found. Affiant does not attach the expert's report or invoice here. She is narrating the rationale for an expert consultation – essentially making an argument that "Plaintiff's theory forced us to get an expert." This is attorney argument rather than evidence.

There is no verification that the expert's work was necessary or that his cost was reasonable (no mention of his fee, qualifications, or the substance of his findings). The Court is being asked to take counsel's word that hiring this expert was a reasonable reaction to Plaintiff's allegations. That is a matter for the Court to decide based on evidence, not on counsel's hindsight justification.

Similarly, the statement that Plaintiff's counsel "insisted" the deposition occur in Dallas, necessitating travel expenses, is not supported by any document or testimony other than Affiant's assertion. If this was a point of contention, it should be evidenced by correspondence or a motion. As presented, it's again an anecdote offered to paint Plaintiff's counsel as the cause of higher costs. This verges on irrelevant and prejudicial – it introduces a mini-argument about discovery conduct (who chose the deposition location) that is collateral to whether travel costs should be allowed.

Under Rule 403, this narrative invites a decision based on frustration with Plaintiff's counsel rather than an objective assessment of costs. Moreover, these examples do not save the overall paragraph from being conclusory – they selectively justify two items while asking the Court to infer all other expenses (copying, filing fees, mediation costs, etc.) were likewise necessary. That inference is unfounded without specific evidence.

The inclusion of these stories is a transparent attempt to emotionally sway the Court by highlighting certain difficulties caused by Plaintiff, which is improper in an affidavit. An affidavit should present facts, not advocacy. The determination of which expenses are recoverable is for the Court, applying the law to evidence, not for Affiant to declare. Line 16 should be stricken as it

contains inadmissible opinion, hearsay implications (about what the expert would opine), and prejudicial rhetoric that does not belong in evidence.

**Line 17:** "Based on my education, training, and experience, it is my opinion that ASI will incur an additional $15,000 in costs, fees, and expenses to respond to the Motion to Alter Judgment [Doc. 97]."

**Objection:** Speculative expert opinion on future events. Affiant here explicitly invokes her "education, training, and experience" to proffer an opinion on future fees – essentially acting as an expert witness forecasting legal costs. This is wholly improper. First, there is no foundation to treat Affiant as an expert in predicting litigation costs; even if she were, no expert report or disclosure under Rule 26(a)(2) has been provided. Second, the opinion is pure speculation: no one can say exactly what will be required to respond to Plaintiff's post-judgment motion or how much it will cost. The $15,000 figure appears to be pulled from thin air or at best an estimate, but there is no methodology described.

Under Rule 702, such an unsupported projection is inadmissible – it's not scientific, technical, or otherwise reliable specialized knowledge. Under Rule 701, as a lay opinion it's even less appropriate; it's not based on presently observed facts but on conjecture. Conclusory statements without factual support are insufficient to establish material facts. Moreover, this statement is not relevant to any issue currently before the Court. The amended bill of costs and sanction order cover fees incurred in the defense of the suit up to the present. Future fees to litigate a Rule 59(e) motion Doc. 97 would only be recoverable if and when the Court separately awards them. Preemptively claiming $15,000 for a motion response is outside the scope of evaluating the existing bill of costs.

Including this serves only to prejudice Plaintiff by suggesting that her post-trial motions will impose great expense (thus possibly casting those motions in a negative light). It is essentially an attempt to lobby the Court against granting relief in Doc. 97 by putting a price tag on it – which is inappropriate. From an evidentiary standpoint, the statement violates Rule 602 (no personal knowledge of future attorney work) and Rule 403 (unfair prejudice and confusion of issues).

The Fifth Circuit has warned against the use of sanctions or fees in a way that could chill parties' rights to advocate. As the *en banc* court stated in *Thomas*, 836 F.2d at 885, courts must avoid interpretations of Rule 11 that "may chill attorneys' enthusiasm and stifle the creativity of litigants in pursuing novel factual or legal theories." The court further cautioned that parties should not be allowed to "'run up' exorbitant fees and expenses when responding to [Rule 11] papers... To allow such behavior would effectively transform Rule 11 from a shield to a sword." *Id.* at 877. Affiant's "opinion" of a $15,000 price tag on Plaintiff's Rule 59(e) motion smacks of precisely the sort of chilling intimidation the courts guard against. It should be stricken in its entirety and given no weight.

**Line 18:** "Based on my education, training, and experience, it is my opinion that, if Eric Dick and the Dick Law Firm appeals to the Fifth Circuit, ASI will incur an additional $30,000 in costs, fees, and expenses."

**Objection:** Speculative, irrelevant, and prejudicial. This final line is even more attenuated than Line 17. Affiant ventures to predict the fees and costs for a hypothetical future appeal. This is rank speculation about a proceeding that has not even happened. It is not evidence of anything; it is a prophecy. For all the reasons stated in the objection to Line 17, this is inadmissible.

Affiant has no personal knowledge of what an appeal would entail or cost (Rule 602). The opinion is not grounded in any reliable methodology – she does not, for example, break down

hours or tasks; she just says "$30,000" because of her "experience." This is precisely the kind of unsupported, speculative opinion that Rule 702 forbids and that courts routinely exclude. See *IKON Office Solutions, Inc. v. Eifert*, 125 S.W.3d 113, 124 (Tex. App.—Houston [14th Dist.] 2003, pet. denied) ("[L]egally sufficient circumstantial evidence requires a logical bridge between the proffered evidence and the necessary fact") (quoting *Lozano v. Lozano*, 52 S.W.3d 141, 152 (Tex. 2001)). Here, there is no logical bridge between Affiant's claimed experience and the specific $30,000 figure for a hypothetical appeal.

Furthermore, this statement is utterly irrelevant to the present dispute. The Court is determining the bill of costs for the trial court proceedings. Whether Plaintiff might appeal and what that might cost is a matter for another day (and another court, as appellate fees usually are handled separately). Injecting this prediction serves no purpose except to prejudice and perhaps threaten Plaintiff and her counsel with a daunting financial consequence for exercising appellate rights. Such a tactic should not be countenanced. It has no probative value (since no appeal has been filed, and even if it had, the amount is conjecture) and a high prejudicial effect (Rule 403).

It also violates the spirit of due process – effectively seeking a pre-approval of $30,000 in fees that have not been incurred, without allowing Plaintiff any ability to contest specific entries or necessity when/if they occur. Moreover, allowing this kind of testimony would open the door to all sorts of guesswork in fee affidavits ("we think we'll spend X on future tasks"), which is not supported by any legal standard.

The sanction award must be based on evidence of actual conduct and expenses caused by the sanctionable behavior, not on a speculative future scenario. See *In re First City Bancorporation of Tex. Inc.*, 282 F.3d 864, 868 (5th Cir. 2002) (holding that sanctions must be chosen to employ "the least possible power to the end proposed" and must be "the least restrictive sanction necessary

to deter the inappropriate behavior") (quoting *Spallone v. United States*, 493 U.S. 265, 280 (1990)). Here, Affiant's $30,000 guess is untethered to any demonstrated "harm" or cost – it's a prospective wish list. This line should be stricken in full. It is improper for a witness to "testify" to what an appeal will cost, and it has no place in the Court's determination of the pending matters.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court sustain these objections and strike the affidavit of LaDonna G. Schexnyder in its entirety (or at least strike the above-objected portions), and refuse to consider any inadmissible statements in determining Defendant's amended bill of costs and sanctions request. The affidavit, line by line, is rife with conclusory assertions, hearsay, lack of foundation, and improper opinion. It fails to meet the standards set by the Federal Rules of Evidence and pertinent Fifth Circuit case law.

The Fifth Circuit has consistently required that fee affidavits be based on personal knowledge, contain specific facts rather than conclusions, and provide adequate documentation for the court to verify reasonableness. As the Supreme Court made clear in *Hensley*, "the fee applicant bears the burden of establishing entitlement to an award and documenting the appropriate hours expended and hourly rates." 461 U.S. at 437. Moreover, Chief Justice Burger emphasized in his concurrence that attorneys seeking fees must establish "by clear and convincing evidence the time and effort claimed and shown that the time expended was necessary to achieve the results obtained." *Id.* at 440-41 (Burger, C.J., concurring). The Court also instructed that the fee applicant "should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims," *id.* at 437, and must exercise "billing judgment" by excluding excessive, redundant, or unnecessary hours, *id.* at 434.

As demonstrated by *Kellstrom*, when an affidavit lacks adequate supporting documentation and consists of conclusory assertions about reasonableness, the appropriate remedy is to strike the inadequate portions or deny fees entirely. 50 F.3d at 326 (denying all fees for attorney where "the record is virtually devoid of any information helpful to a determination"). Schexnyder's affidavit fails to meet this burden on every count.

Dated: September 11, 2025.

Respectfully submitted,

/s/ Eric B. Dick
Eric B. Dick, LL.M.
TBN: 24064316
FIN: 1082959
DICK LAW FIRM, PLLC
3701 Brookwoods Dr.
Houston, TX 77092-8317
(844) 447-3234 Office
eric@dicklawfirm.com
**ATTORNEY FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I certify that on this day I caused this document to be served on all parties of record via electronic transmission.

/s/Eric Dick
Eric Dick