United States District Court
Southern District of Texas
**ENTERED**
February 25, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ELIZABETH WRIGHT, | § | |
| | § | |
| Plaintiff. | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 3:22-cv-00357 |
| | § | |
| ASI LLOYDS, | § | |
| | § | |
| Defendant. | § | |

# MEMORANDUM AND RECOMMENDATION

All post-judgment matters in this case have been referred to me. *See* Dkt. 113. The only outstanding issue for me to address is the amount of costs, attorneys' fees, and expenses that Defendant ASI Lloyds is entitled to recover.

## BACKGROUND

Plaintiff Elizabeth Wright brought homeowner insurance claims against ASI. After the completion of discovery, Judge Jeffrey V. Brown granted ASI's motion for summary judgment and denied ASI's motion for sanctions. On appeal, the Fifth Circuit affirmed the dismissal of Wright's claims for affirmative relief, vacated the denial of the motion for sanctions, and remanded the case for further proceedings consistent with its opinion. *See Wright v. ASI Lloyds*, No. 23-40719, 2025 WL 1588832, at *8 (5th Cir. June 5, 2025). The Fifth Circuit instructed the district court "to determine whether ASI is entitled to an award of costs, and if so, the amount of costs it is entitled to recover." *Id.*

On August 5, 2025, Judge Brown ordered that Wright's counsel, Eric B. Dick and the Dick Law Firm, PLLC (collectively, "Dick"), be sanctioned under Rule 11 and 28 U.S.C. § 1927. *See* Dkt. 94 at 7. Judge Brown found that "Dick filed suit based on unfounded factual and legal claims, intentionally disrupted the discovery process, and filed meritless motions intended only for delay." *Id.* at 3. Judge Brown concluded that ASI "incurred significant cost defending against these legally and

factually baseless claims." *Id.* As an appropriate sanction, Judge Brown ordered "Dick to pay the fees, costs, and expenses reasonably and necessarily incurred by ASI in defense of this suit." *Id.* at 8. Judge Brown also ordered ASI to "file an amended bill of costs reflecting the court's order of sanctions." *Id.*

On August 19, 2025, ASI submitted an amended bill of costs and attached invoices evidencing the fees, costs, and expenses claimed. *See* Dkt. 95. According to the Amended Bill of Costs, ASI seeks $9,799.55 in taxable costs, $129,001.50 in attorneys' fees, and $24,008.46 in expenses. *See id.* Dick objected to ASI's Amended Bill of Costs because, among other things, there was "no testimony either through affidavit or live witness" to establish the reasonableness of the fees and costs. Dkt. 96 at 2. ASI addressed this objection by submitting an affidavit from LaDonna G. Schexnyder, attempting to substantiate the fees, costs, and expenses ASI seeks. *See* Dkt. 99-1. Dick then filed an objection and motion to strike Schexnyder's affidavit. *See* Dkt. 102. Dick also challenges ASI's request for fees and expenses as "unsupported by competent evidence, grossly excessive, and beyond what sanctions law allows." Dkt. 103 at 5.

## ANALYSIS

### A.   AWARD OF TAXABLE COSTS

There is generally a strong presumption that the prevailing party will be awarded costs. *See Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Indeed, the Fifth Circuit has said that "the prevailing party is prima facie entitled to costs." *Schwarz v. Folloder*, 767 F.2d 125, 131 (5th Cir. 1985) (quotation omitted). To that end, "[u]nless a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). The list of recoverable costs authorized by statute includes:

(1)   Fees of the clerk and marshal;
(2)   Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
(3)   Fees and disbursements for printing and witnesses;

(4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
(5) Docket fees under [28 U.S.C. § 1923]; and
(6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under [28 U.S.C. § 1828].

28 U.S.C. § 1920.

The party who seeks to recover costs has the burden of producing evidence properly documenting and establishing the costs incurred. *See Fogleman v. ARAMCO*, 920 F.2d 278, 286 (5th Cir. 1991). A district court has wide discretion to determine whether the prevailing party is entitled to an award of costs. *See Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1049 (5th Cir. 1998). That said, the denial of costs to a prevailing party is "in the nature of a penalty." *Pacheco*, 448 F.3d at 794 (quotation omitted). As a result, a district court "may neither deny nor reduce a prevailing party's request for cost[s] without first articulating some good reason for doing so." *Id.* (quotation omitted).

ASI has filed an Amended Bill of Costs as permitted by Rule 54(d)(1), seeking a total of $9,799.55 in taxable costs. *See* Dkt. 95. Here is the breakdown of those costs:

| | |
|---|---|
| Fees of the Clerk | $526.50 |
| Fees for service of summons and subpoena | $1,471.72 |
| Fees for printed or electronically recorded transcripts necessarily obtained for use in the case | $6,945.78 |
| Fees for witnesses | $176.80 |
| Costs as shown on Mandate of Court of Appeals | $678.75 |
| **Total:** | **$9,799.55** |

*See id.* at 1. Wright does not object to these items. As a result, I find that an award of $9,799.55 in taxable costs is appropriate under § 1920 against Wright as the losing party.

**B.     ATTORNEYS' FEES**

   ***1.     Legal Standard***

When calculating an attorneys' fee award, the district court should begin by calculating the lodestar. *See Combs v. City of Huntington*, 829 F.3d 388, 392 (5th Cir. 2016). "The lodestar is calculated by multiplying the number of hours an attorney reasonably spent on the case by an appropriate hourly rate, which is the market rate in the community for this work." *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013). "The court should exclude all time that is excessive, duplicative, or inadequately documented." *Jimenez v. Wood County*, 621 F.3d 372, 379–80 (5th Cir. 2010). "There is a strong presumption of the reasonableness of the lodestar amount." *Black*, 732 F.3d at 502.

"[A]fter calculating the lodestar, a district court may enhance or decrease the amount of attorney's fees based on the relative weights of the twelve factors set forth in" *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *Black*, 732 F.3d at 502 (quotation omitted). The *Johnson* factors are: (1) the time and labor required; (2) the novelty and difficulty of the issues in the case; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney(s) due to acceptance of the case; (5) the customary fee charged for those services in the relevant community; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client(s) or the circumstances; (8) the amount of damages involved and the results (both monetary and equitable) obtained; (9) the experience, reputation, and ability of the attorney(s); (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *See Johnson*, 488 F.2d at 717–19.

"Determining a reasonable attorney's fee is a matter that is committed to the sound discretion of a trial judge, but the judge's discretion is not unlimited." *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 558 (2010) (cleaned up). The party seeking attorneys' fees bears the burden of demonstrating the

reasonableness of the fees sought. *See Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983). A court abuses its discretion when it awards attorneys' fees without "a reasonably specific explanation for all aspects of a fee determination," including any adjustment to the lodestar. *Perdue*, 559 U.S. at 558.

### 2. *Analysis*

Judge Brown has already held that ASI is entitled to recover those attorneys' fees "reasonably and necessarily incurred by ASI in defense of this suit." Dkt. 94 at 8. My job is to determine the amount of those reasonable and necessary attorneys' fees.

In support of its request for attorneys' fees, ASI has identified each partner, associate, and paralegal who worked on this matter, their hourly rates, and the number of billable hours they worked from the commencement of this action through August 2025. ASI has also submitted the affidavit of Schexnyder, an attorney representing ASI. Schexnyder attests to the reasonableness and necessity of the hourly rates, number of billable hours, and fees incurred by ASI in this matter. *See* Dkt. 99-1. Finally, ASI has provided its billing records detailing the legal services provided by its counsel. Schexnyder asserts in her affidavit that the reasonable and necessary attorneys' fees incurred by ASI in this matter amount to a total of $131,977.00.[1] *See id.* at 3.

When ASI filed its Amended Bill of Costs, it did not present any competent evidence establishing that the attorneys' fees it seeks are reasonable and necessary. Instead, ASI simply attached a stack of invoices—which it now concedes were inaccurate—to the Amended Bill of Costs. That initial submission was unquestionably deficient. To remedy the situation, ASI submitted the Schexnyder

---

[1] This amount is slightly higher than the $129,001.50 in attorneys' fees that ASI asked for in its Amended Bill of Costs. Most of the difference can be attributed to legal fees incurred in August 2025, which was not reflected in the Amended Bill of Costs. In her declaration, Schexnyder also requests $15,000 for prospective work related to a response to a Motion for New Trial, and $30,000 in conditional appellate attorneys' fees.

5

affidavit, along with copies of the attorneys' fee invoices processed by ASI. *See* Dkt. 99-1. Exercising my discretion, I will allow this supplemental filing.[2]

In evaluating ASI's request for attorneys' fees, I must first calculate the lodestar. To do that, I must assess the proper hourly rates and the reasonableness of the hours billed by ASI's counsel. Once the lodestar is established, I will consider the *Johnson* factors to determine whether an upward or downward departure from this amount is warranted.

### a. Reasonable Hourly Rates

Reasonable hourly rates "are to be calculated according to the prevailing market rates in the relevant community." *Blum v. Stenson*, 465 U.S. 886, 895 (1984). In assessing a reasonable hourly rate, I must consider the market rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 895 n.11.

Dick argues that there is no evidentiary support for the hourly rates that ASI proposes. I disagree. In her affidavit, Schexnyder asserts that her firm charged ASI the following rates at the commencement of this lawsuit: $240 for a shareholder, $220 for an associate, and $90 for a paralegal. *See* Dkt. 99-1 at 2. Schexnyder notes that, effective October 2022, her firm revised the rates that it charged ASI to $270 for a shareholder, $250 for an associate, and $115 for a paralegal. *See id.* Schexnyder explains that "[t]he rates my firm charged and currently charges ASI

---

[2] Dick has objected to the Schexnyder affidavit, arguing that "each substantive statement in the Schexnyder Affidavit (Lines 5-18) fails to meet the evidentiary standards required by the Federal Rules of Evidence and binding Fifth Circuit precedent." Dkt. 102 at 5. Dick's objections are spurious. The Schexnyder affidavit sets forth Schexnyder's qualifications, her opinion regarding reasonable and necessary attorneys' fees incurred in this action, and the basis for her opinion. This is more than sufficient to support an award of attorneys' fees. *See Rx.com Inc. v. Hartford Fire Ins. Co.*, 426 F. Supp. 2d 546, 553 (S.D. Tex. 2006) (denying a motion to strike affidavits regarding fees and expenses because the affidavits "provide a predicate for the billing records and . . . express opinions on the reasonableness and necessity of the amounts [the law firm] billed [its client] for services performed in the underlying litigation"). I thus recommend that Plaintiff's Objection and Motion to Strike Affidavit of Ladonna G. Schexnyder (Dkt. 102) be denied.

are well within the range of rates typically charged by insurance lawyers in Texas and the Houston area, in particular." *Id.* This testimony is uncontroverted. Based on the Schexnyder affidavit, as well as my own familiarity—both as a lawyer and judge for the past 30+ years—with the market for attorneys' fees in the Houston/Galveston area, I conclude that the requested rates provided by ASI for the respective attorneys and paralegals are reasonable.

### b. Reasonable Hours Expended

The next step in the lodestar analysis is to determine the number of hours reasonably spent on the case. "The party seeking attorneys' fees must present adequately documented time records to the court. Using this time as a benchmark, the court should exclude all time that is excessive, duplicative, or inadequately documented. The hours surviving this vetting process are those reasonably expended on the litigation." *Watkins v. Fordice*, 7 F.3d 453, 457 (5th Cir. 1993) (cleaned up).

Dick argues that I should significantly reduce the number of hours billed by ASI's counsel for a litany of reasons, including: (1) some of the time entries are excessive; (2) some of the time entries are vague or block-billed; (3) time entries pertaining to clerical work should be reduced; (4) and duplicate time entries should be reduced. *See* Dkt. 96. For support, Dick provides a chart in which he lodges specific objections to virtually every ASI time entry. *See* Dkt. 96-1. Dick also insists that an award of prospective attorneys' fees to ASI for preparing a response to a motion to alter judgment should be disallowed, and that conditional appellate fees are inappropriate. I will address these concerns one by one.

**Excessiveness:** Dick maintains that "ASI billed an inordinate amount of time on tasks that, by any objective measure, should have taken far less time." Dkt. 103 at 17. To evaluate Dick's claim that ASI has billed for excessive time, I have reviewed each entry on the billing records. I conclude that a reduction in fees is appropriate to account for excessive time.

Among the time I find excessive is time ASI's counsel spent travelling to depositions and site inspections, which it seeks to recover at 50 percent of the attorney's normal billing rate. I addressed this exact issue last year in a different case:

> [T]ravel time should be awarded only if legal work was performed during the travel. Although I recognize that some courts in the Fifth Circuit compensate attorney travel time at 50 percent of the attorney's billing rate, I am unwilling to do so. I do not believe that a lawyer who uses travel time to work on an unrelated matter, make personal phone calls, or watch a movie should expect to be awarded attorneys' fees simply because she is en route to a court proceeding. *See Gruber ex rel. Gruber v. Sec'y of Health & Hum. Servs.*, 91 Fed. Cl. 773, 791 (Fed. Cl. 2010) (stating attorneys "should not automatically assume that it is reasonable to assess any and all travel time to a client-based destination as billable to that client").

*Est. of Gentry v. Hamilton-Ryker IT Sols., LLC*, No. 3:19-cv-00320, 2025 WL 359793, at *3 (S.D. Tex. Jan. 31, 2025). ASI's billing records do not show that its lawyers performed any work while traveling. This is fatal to ASI's fee request for travel time because a "fee applicant bears the burden of establishing entitlement to an award." *Hensley*, 461 U.S. at 437. Without any evidence that ASI's counsel performed legal work on this matter while in transit, I will not award ASI fees for travel time.

Overall, I will reduce ASI's lodestar for excessiveness by 0.2 hours of Schexnyder's time in September 2022, and the following time billed after September 2022: 3.1 hours of Diana Beltran's time, 43.8 hours of Carin L. Marcussen's time (27 hours billed as an associate; 4.8 hours billed as a partner; and 12 hours billed at a travel rate), and 6.4 hours of Schexnyder's time.

**Vague or Block-Billed Entries:** Dick next complains that "[n]umerous descriptions [provided in the time records] lack sufficient detail to assess necessity or causation, preventing the Court from determining whether the hours claimed

8

were reasonably expended." Dkt. 96 at 5.[3] My review of the time records has not revealed many entries that I consider so vague as to prevent me from assessing the reasonableness of the time spent on those tasks. To account for the time entries I do consider vague, I will make a reduction in ASI's lodestar by 0.4 hours of Lacy Baccari's time in September 2022, and the following time billed after September 2022: 0.4 hours of Baccari's time, 0.4 hours of Beltran's time, 0.1 hours of Rachel Hancock's time, 0.5 hours of Sarah Laurie's time, 4.4 hours of Marcussen's time (3.2 hours billed as an associate; 1.2 hours billed as a partner), 0.6 hours of Jared Marks's time, and 5.2 hours of Schexnyder's time.

**Clerical Work:** Dick asserts that ASI's billing improperly includes "clerical or ministerial tasks, such as scheduling, organizing files, e-filing documents, [and] preparing cover letters to the clerk." Dkt. 103 at 24. In response, ASI argues that the work Dick complains about "is perfectly acceptable to be performed by paralegals at a lower rate." Dkt. 99 at 3.

The law is clear: fees for work completed by a paralegal may be recovered if the work is typically performed by attorneys; "[o]therwise, paralegal expenses are separately unrecoverable overhead expenses." *Allen v. U.S. Steel Corp.*, 665 F.2d 689, 697 (5th Cir. Unit B 1982). As the Supreme Court has explained:

> [P]aralegals are capable of carrying out many tasks, under the supervision of an attorney, that might otherwise be performed by a lawyer and billed at a higher rate. Such work might include, for example, factual investigation, including locating and interviewing witnesses; assistance with depositions, interrogatories, and document production; compilation of statistical and financial data; checking legal citations; and drafting correspondence.

---

[3] Sprinkled throughout Dick's objections to ASI's time entries are complaints about "block billing." *See* Dkts. 96 at 5; 103 at 21. "Block billing" refers to the disfavored "time-keeping method by which each lawyer and legal assistant enters the total daily time spent working on a case, rather than itemizing the time expended on specific tasks." *Fralick v. Plumbers & Pipefitters Nat'l Pension Fund*, No. 3:09-cv-0752, 2011 WL 487754, at *4 (N.D. Tex. Feb. 11, 2011) (quotation omitted). This does not seem to be an issue in the bills submitted by ASI, as each time entry is separately itemized.

*Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (1989). "Of course, purely clerical or secretarial tasks should not be billed at a paralegal rate, regardless of who performs them." *Id.*; *see also Vela v. City of Houston*, 276 F.3d 659, 681 (5th Cir. 2001) ("Paralegal work can only be recovered as attorney's fees if the work is legal rather than clerical.").

Clerical work, or secretarial tasks, include the "filing of legal documents, the calendaring of events, and communications regarding scheduling issues." *Imperium IP Holdings (Cayman), Ltd. v. Samsung Elecs. Co.*, No. 4:14-cv-00371, 2018 WL 1602460, at *5 (E.D. Tex. Apr. 3, 2018); *see also Lewallen v. City of Beaumont*, No. 1:05-cv-733, 2009 WL 2175637, at *6 (E.D. Tex. July 20, 2009), *aff'd*, 394 F. App'x 38 (5th Cir. 2010) (finding that basic communications and case organization are "largely clerical or housekeeping matters and not legal work" (quotation omitted)). "Preparing, assembling, and redacting documents and exhibits, including affixing labels, are likewise clerical." *Bowman v. Prida Constr., Inc.*, 568 F. Supp. 3d 779, 787 (S.D. Tex. 2021).

After reviewing ASI's time records in this case, certain time entries that appear clerical in nature. That time should be disallowed. Accordingly, I will reduce ASI's lodestar by 0.5 hours of Baccari's time in September 2022, and the following time billed after September 2022: 2.0 hours of Baccari's time, 1.4 hours of Beltran's time, 0.2 hours of Megan Flynt's time, 0.3 hours of Hancock's time, 1.3 hours of Marcussen's time (all billed as a partner), 1.3 hours of Marks's time, and 0.3 hours of Schexnyder's time.

**Duplicative Time Entries:** Dick also complains that "[m]ultiple attorneys billed for identical tasks, inflating costs unnecessarily." Dkt. 96 at 6. The thrust of this complaint is that ASI had multiple attorneys working on this matter when only one was needed.

It is not per se unreasonable for ASI to have employed multiple attorneys to handle this matter. At the same time, ASI is not entitled to compensation for duplicative efforts. To determine the amount of reasonable and necessary

attorneys' fees, a district court is required to determine "whether particular hours claimed were reasonably expended." *Walker v. U.S. Dep't of Hous. & Urb. Dev.*, 99 F.3d 761, 768 (5th Cir. 1996) (quotation omitted). "If more than one attorney is involved, the possibility of duplication of effort along with the proper utilization of time should be scrutinized. The time of two or three lawyers in a courtroom or conference when one would do, may obviously be discounted." *Johnson*, 488 F.2d at 717; *see also Creecy v. Metro. Prop. & Cas. Ins. Co.*, 548 F. Supp. 2d 279, 286 (E.D. La. 2008) ("[W]hen a party chooses two attorneys to represent it in a lawsuit, the opposing party is not required to pay for duplicative work incurred by the attorneys.").

After combing through the billing statements, I see that ASI's attorneys and paralegals occasionally engaged in and billed duplicative work. For that reason, I will deduct the duplicative fees incurred by the lowest-billing attorney or paralegal. This leads to a reduction of the following time billed after September 2022: 0.3 hours of Baccari's time, 1.7 hours of Elliot's time, and 0.7 hours of Marcussen's time (all billed as an associate).

**Prospective Fees:** In her September 4, 2025 affidavit, Schexnyder opined "that ASI will incur an additional $15,000 in costs, fees, and expenses to respond to the Motion to Alter Judgment filed by" Dick a few days earlier. Dkt. 99-1 at 4. ASI ultimately filed a 14-page response to the Motion to Alter Judgment. *See* Dkt. 108. As already noted, the burden rests with the party seeking an award of attorneys' fees to establish and document the appropriate hours expended on a task. With respect to the time spent responding to the Motion to Alter Judgment, ASI has failed to meet its burden. I fail to understand how a flat $15,000 figure is a reasonable fee for filing a 14-page response when no proffer is made concerning the amount of hours spent preparing the response, and the attorneys who did the work have not been identified. Accordingly, I recommend that ASI's request for an additional $15,000 for preparing a response to the Motion to Alter Judgment be denied.

**Conditional Appellate Fees**: ASI also requests an award of conditional appellate fees in the amount of $30,000 if Dick unsuccessfully appeals the sanctions order to the Fifth Circuit. This request for conditional attorneys' fees is premature and should be denied. In the event ASI prevails on appeal, it can seek an award of fees at that time. *See ATOM Instrument Corp. v. Petrol. Analyzer Co.*, 969 F.3d 210, 219 (5th Cir. 2020); *20100 Eastex, LLC v. Saltgrass, Inc.*, No. 4:20-cv-01347, 2025 WL 2930296, at *4–5 (S.D. Tex. Oct. 15, 2025).

\* \* \*

Based on my findings above, I calculate the lodestar as follows[4]:

| Timekeeper | Dates Billed | Hours Claimed | Hours Reduced | Hours Approved | Rate Approved | Total Fee |
|---|---|---|---|---|---|---|
| Baccari (paralegal) | 9/1/22-9/30/22 | 3 | 0.9 | 2.1 | $90 | $189 |
| Baccari (paralegal) | 10/1/22-8/31/25 | 8.5 | 2.7 | 5.8 | $115 | $667 |
| Beltran (paralegal) | 10/1/22-8/31/25 | 28.1 | 4.9 | 23.2 | $115 | $2,668 |
| Elliot (partner) | 10/1/22-8/31/25 | 1.7 | 1.7 | 0 | $270 | $0 |
| Flynt (associate) | 10/1/22-8/31/25 | 1.3 | 0.2 | 1.1 | $250 | $275 |
| Hancock (associate) | 10/1/22-8/31/25 | 10.9 | 0.4 | 10.5 | $250 | $2,625 |

---

[4] I previously awarded $4,235.16 in sanctions against Dick for his failure to make the property at issue in this lawsuit available for inspection. *See* Dkt. 54. In issuing that sanctions order, I reviewed a number of time entries (from August 22, 2023 to October 24, 2023) and expenses, determining which fees and expenses were necessarily incurred as a result of the failed inspection. To account for this previous ruling and avoid any possibility of double recovery, I must adjust the lodestar sought by ASI. Because I previously considered 11.8 hours of Marcussen's time (all as an associate) and 1.3 hours of Schexnyder's time, *see* Dkts. 48, 51, and 54, I will deduct these figures from the amount presently sought by ASI. As an aside, ASI has represented that it received payment from Dick for $4,235.16, thus satisfying my previous sanction order. *See* Dkt. 118 at 1.

12

| Timekeeper | Dates Billed | Hours Claimed | Hours Reduced | Hours Approved | Rate Approved | Total Fee |
|---|---|---|---|---|---|---|
| Laurie (associate) | 10/1/22-8/31/25 | 2.7 | 0.5 | 2.2 | $250 | $550 |
| Leiva (paralegal) | 10/1/22-8/31/25 | 5 | 0 | 5 | $115 | $575 |
| Marcussen (associate) | 9/1/22-9/30/22 | 8.6 | 0 | 8.6 | $220 | $1,892 |
| Marcussen (associate) | 10/1/22-1/31/24 | 264.2 | 42.7 | 221.5 | $250 | $55,375 |
| Marcussen (associate) | 10/1/22-1/31/24 | 12 (travel) | 12 | 0 | $125 | $0 |
| Marcussen (partner) | 2/1/24-8/31/25 | 143.5 | 7.3 | 136.2 | $270 | $36,774 |
| Marks (paralegal) | 10/1/22-8/31/25 | 29 | 1.9 | 27.1 | $115 | $3,116.5 |
| Schexnyder (partner) | 9/1/22-9/30/22 | 1.5 | 0.2 | 1.3 | $240 | $312 |
| Schexnyder (partner) | 10/1/22-8/31/25 | 34 | 13.2 | 20.8 | $270 | $5,616 |
| Weaver (paralegal) | 10/1/22-8/31/25 | 15.4 | 0 | 15.4 | $115 | $1,771 |
| **Lodestar:** | | | | | | **$112,405.50** |

As reflected in the above chart, the lodestar calculation indicates that ASI is entitled to reasonable and necessary attorneys' fees from Dick in the amount of $112,405.50.

### c. The *Johnson* Factors

Once the lodestar is determined, a district court may adjust the lodestar upward or downward depending on the *Johnson* factors. *See Watkins*, 7 F.3d at 457. "The lodestar, however, is presumptively reasonable and should be modified only in exceptional cases." *Id.* The party seeking an adjustment of the lodestar

13

bears a heavy burden. *See Perdue*, 559 U.S. at 552–53. In this case, neither party seeks an adjustment of the lodestar. Even so, I have weighed each of the *Johnson* factors and find that none of those factors warrant an adjustment to the lodestar in an upward or downward direction.

**C.    EXPENSES**

ASI seeks $24,008.46 in expenses that it contends it incurred in defending this matter because of Dick's misconduct. In connection with this request for expenses, ASI has provided a chart listing each of the claimed expenses as well as the invoices supporting the claimed expenses. *See* Dkt. 118 at 4. By far, the biggest expense items relate to ASI's engineering expert (Lorne Epson of Rimkus Consulting Group, Inc.) and construction expert (Billy Liles of Texas Quality First Restoration). The Rimkus bills total $19,540.07; the Texas Quality bills total $3,709.18.

Dick initially challenged several expenses that ASI sought to recover—including the Rimkus bills, travel costs, and research charges—because such expenses are not expressly permitted under 28 U.S.C. § 1920. This argument is baseless. When a district court imposes monetary sanctions under Rule 11 or 28 U.S.C. § 1927, as it did here, the court is not limited to awarding the taxable costs enumerated in § 1920. Rather, a district court sanctioning a party under Rule 11 or § 1927 may require the sanctioned party to pay the reasonable expenses incurred because of the improper conduct. *See* Fed. R. Civ. P. 11(c)(2) ("If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion."); *Morrison v. Walker*, 939 F.3d 633, 635 (5th Cir. 2019) (explaining that the 1980 amendment to § 1927 "broaden[ed] lawyers' personal financial exposure to include 'expenses and attorneys' fees'" (quoting 28 U.S.C. § 1927)). In a more recent filing, Dick abandons this argument, recognizing that "[a] court can, as a sanction, award reasonable expert fees if they were caused by sanctionable conduct." Dkt. 103 at 30.

Dick objects to the Rimkus charges on the ground that "hiring the Rimkus expert was [not] a necessary result of Dick's conduct." *Id.* This argument does not move me. As already noted, Judge Brown ordered "Dick to pay the fees, costs, and expenses reasonably and necessarily incurred by ASI in defense of this suit." Dkt. 94 at 8. The expert expenses incurred by ASI are directly attributable to Dick bringing a frivolous lawsuit. Schexnyder explains in her affidavit that ASI hired Rimkus to defend against Wright's claims:

> [B]ecause [Dick] alleged the property was damaged by vandalism and the policy excluded damage from vandalism if the property had been vacant, ASI retained expert Lorne Epson [of Rimkus] to inspect the house and opine on whether the utility usage at the property was consistent with the property being vacant.

Dkt. 99-1 at 3. According to Schexnyder, Rimkus's charges were "reasonable and necessary for the . . . defense of this case for ASI." *Id.* I concur.

Although I find that ASI is entitled to recover its expert expenses, I must make an adjustment to ensure that there is no double recovery. As already noted, I previously sanctioned Dick in this case. *See* Dkt. 48. As part of that ruling, I awarded ASI $2,934.16 in expenses for expert fees and mileage incurred as a direct result of Dick's failure to make the property at issue in this litigation available for inspection at an agreed upon date and time. *See id.* at 2–3. ASI seeks these same expenses again as part of its current request for expenses. That is not allowed. As such, I must reduce ASI's current expense request by $2,934.16.

Next, Dick questions the validity of travel expenses that ASI seeks to recover for one lawyer to travel to Dallas to take Wright's deposition. I have scrutinized these expenses. They are reasonable, minimal, and proper. I have no hesitation in finding that these travel expenses should be awarded, especially because Dick "insisted that [Wright] had to be deposed in Dallas, [and as a result,] ASI incurred travel costs for [its] counsel to travel" to Dallas. Dkt. 99-1 at 3.

Dick also expresses distrust about the court fees that ASI requests, asking me to "verify [whether such court fees] were necessary and actually incurred."

15

Dkt. 103 at 34. Accepting that challenge, I have reviewed the requested court fees for certified records and downloaded documents. The actual invoices for the court fees sought are part of the record and all such fees were reasonably incurred in defending this lawsuit. Moreover, I have confirmed that none of the court fees sought as part of the sanction award have already been assessed as taxable costs under § 1920. There is no double recovery.

Overall, I find that an award of $21,074.30 in expenses is appropriate. This amount reflects expenses that were reasonably and necessarily incurred by ASI to defend this action for which ASI has not already recovered.

## CONCLUSION

For the reasons discussed above, I recommend that:

1. The Court Clerk tax costs under 28 U.S.C. § 1920 in the amount of $9,799.55.
2. Dick be ordered to pay ASI $112,405.50 in reasonable and necessary attorneys' fees as a sanction under Rule 11 and 28 U.S.C. § 1927.
3. Dick be ordered to pay ASI $21,074.30 in reasonable and necessary expenses as a sanction under Rule 11 and 28 U.S.C. § 1927.

I further recommend that Plaintiff's Objection and Motion to Strike Affidavit of Ladonna G. Schexnyder (Dkt. 102) be denied.

The parties have 14 days from service of this Memorandum and Recommendation to file written objections. *See* 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Failure to file timely objections will preclude appellate review of factual findings and legal conclusions, except for plain error.

SIGNED this **25th** day of February 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE